IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Respondent, ) | |
| ) | |
| vs. ) | |
| ) Case Nos. | 07-40051-01-JAR |
| FREDERICK D. PHELPS, JR., ) | 09-CV-04048-JAR |
| ) | |
| Defendant/Petitioner. ) | |
| _____ ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on petitioner Frederick D. Phelps, Jr.'s Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 42) and the accompanying Memorandum in Support (Doc. 46) and Motion for Traverse (Doc. 52). In his motion, petitioner seeks relief through an ineffective assistance of counsel claim, arguing that his counsel failed to object to, or file an appeal in response to, application of the career offender guideline[1] to him at sentencing. The government has filed a Motion for Enforcement of the Plea Agreement and Motion to Dismiss Defendant's Motion to Vacate Sentence Under 18 U.S.C. § 2255 (Doc. 49). For the following reasons, the Court grants the government's motion to enforce the plea agreement and denies petitioner's motion.

**I. Procedural Background**

On January 7, 2008, petitioner entered a guilty plea to Counts 2 and 5 of the Indictment.[2]

---

[1] U.S.S.G. § 4B1.1

[2] (Doc. 33).

Count 2 charged petitioner with knowingly and intentionally distributing approximately 3.87 grams of cocaine base, or "crack cocaine," in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and Count 5 charged petitioner with knowingly and unlawfully transferring a weapon made from a shotgun with a barrel less than eighteen inches in length to an undercover ATF agent, in violation of 26 U.S.C. § 5861(e).[3]

Petitioner was represented by attorney Kathleen Ambrosio throughout these proceedings.[4] Petitioner signed a plea agreement[5] stating that he understood he faced a maximum punishment of thirty years imprisonment on Count 2 and ten years imprisonment on Count 5.[6] Attached to the plea agreement was a Petition to Enter Plea of Guilty, in which petitioner indicated that he was not guaranteed any leniency in sentencing for entering a guilty plea, but rather that he was "prepared to accept any punishment permitted by law which the Court sees fit to impose."[7] In both the Petition to Enter Plea of Guilty and the plea agreement itself, petitioner stated that his guilty plea was voluntary.[8] Also, petitioner indicated in both documents that he was "fully satisfied" with the advice and representation of his counsel, he believed his attorney "has done all that anyone could do to counsel and assist" him, and he "WAS SATISFIED WITH THE ADVICE AND HELP [THE ATTORNEY] HAS GIVEN ME."[9]

---

[3](Doc. 1 at 2, 4).

[4](Doc. 34 at 1).

[5](Doc. 34).

[6]*Id.* at 8-9. The Court notes that, although the Plea Agreement stated the statutory maximum sentence for Count 2 was 30 years, the Probation Office determined that the statutory maximum for Count 2 was 20 years.

[7]*Id.* at 3.

[8]*Id.* at 4, 16.

[9]*Id.* at 4, 16 (emphasis in original).

2

Most importantly, in the plea agreement, petitioner acknowledged that he "knowingly and voluntarily waive[d] any right to appeal or collaterally attack any matter in connection with this prosecution, [his] conviction, or . . . sentence."[10] Petitioner stated that he was "knowingly waiv[ing] any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court."[11] In fact, the plea agreement specifically states that he waived his right to challenge his sentence by "any collateral attack, including . . . a motion brought under Title 28, U.S.C. § 2255."[12]

In exchange for petitioner's guilty plea, the government agreed to not file any additional charges against petitioner arising out of the facts forming the basis of the present Indictment, to recommend petitioner receive a sentence at the low end of the applicable guideline range, to recommend petitioner receive a two-level reduction in his offense level under U.S.S.G. § 3E1.1 for acceptance of responsibility and an additional one-level reduction for timely notification of intention to plead guilty,[13] and to move at the time of sentence for dismissal of the remaining counts of the Indictment (1, 3, 4, and 6).[14]

At the plea hearing, the petitioner's Constitutional rights were explained to him and he entered his plea of guilty.[15] Petitioner's sentencing was then held on April 7, 2008.[16] There were

---

[10]*Id.* at 14.

[11]*Id.*

[12]*Id.* at 15.

[13]The one-level reduction was only to apply if his offense level was 16 or greater. *Id.* at 12.

[14]*Id.*

[15](Doc. 33).

[16](Doc. 38).

3

no objections to the Presentence Investigation Report. The defendant filed a Sentencing Memorandum urging the Court for a variance from the guideline sentencing range,[17] and the government responded.[18] Petitioner orally moved at the sentencing hearing for a downward variance to 96 months of custody, however, after hearing statements from counsel, the Court denied petitioner's request.[19] The Court sentenced petitioner to 151 months of custody on Count 2 and 120 months on Count 5, to be served concurrent with Count 2, which was within the guidelines range.[20] The judgment was filed on April 15, 2008.[21] On April 13, 2009, petitioner filed the instant motion,[22] arguing that (1) he was denied the right of appeal, and (2) he was denied effective assistance of counsel.[23]

## II.    Analysis

The Court will first address whether petitioner waived his right to collaterally attack his sentence under § 2255 by knowingly and voluntarily entering a guilty plea under the plea agreement. Next, the Court will determine whether petitioner has a valid claim for ineffective assistance of counsel. "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the Court is required to conduct an evidentiary

---

[17](Doc. 36).

[18](Doc. 37).

[19](Doc. 38).

[20](Docs. 38, 39).

[21](Doc. 39).

[22](Doc. 42).

[23](Doc. 42 at 5.)

4

hearing in a § 2255 case.[24] In this case, the Court determines that the motion and files are conclusive in establishing that this petitioner is not entitled to relief on the grounds asserted in his motion.

### A. Waiver of the Right to Collaterally Attack Sentence

Petitioner entered into a plea agreement with a provision waiving his right to collaterally attack his sentence.[25] The waiver in the agreement stated,

> **Waiver of Appeal and Collateral Attack.** Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, the defendant's conviction, or the components of the sentence to be imposed herein including the length and conditions of supervised release, as well as any sentence imposed upon a revocation of supervised release. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th cir. 2001)] and a motion brought under Title 18, U.S.C. § 3582(c)(2). In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court. However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from his waiver and may appeal the sentence received as authorized by Title 18, U.S.C. § 3742(a).[26]

---

[24] 28 U.S.C. § 2255(b).

[25] (Doc. 34 at 14).

[26] (Doc. 34 at 14–15).

5

The Court will hold a defendant and the government to the terms of a lawful plea agreement made knowingly and voluntarily.[27] Therefore, a knowing and voluntary waiver in a plea agreement of the right to collaterally attack a sentence under § 2255 is generally enforceable.[28] The Tenth Circuit has adopted a three-pronged analysis for evaluating the enforceability of such a waiver in which the court must determine: (1) whether the disputed issue falls within the scope of the waiver; (2) whether the defendant knowingly and voluntarily waived his rights, and (3) whether enforcing the waiver would result in a miscarriage of justice.[29]

### 1. *Scope of the Waiver*

In determining whether the disputed issue falls within the scope of the waiver, the Court begins with the plain language of the plea agreement.[30] The Court strictly construes the waiver and resolves any ambiguities against the government and in favor of the defendant.[31] As described above, petitioner's plea agreement contained a provision waiving his right to appeal or collaterally attack his sentence. The law ordinarily considers such a waiver sufficient "if the defendant fully understands the nature of the right and how it would likely apply *in general* in the circumstances—even though the defendant may not know the *specific detailed* consequences of invoking it."[32] Although petitioner may not have realized at the time of entering the plea

---

[27]*United States v. Hahn*, 359 F.3d 1315, 1325, 1328 (10th Cir. 2004) (en banc) (per curiam); *see also United States v. Arevalo-Jimenez*, 372 F.3d 1204, 1207 (10th Cir. 2004).

[28]*United States v. Cockerham*, 237 F.3d 1179, 1181-83 (10th Cir. 2001) (citing several cases coming to the same conclusion).

[29]*Hahn*, 359 F.3d at 1325.

[30]*United States v. Anderson*, 374 F.3d 955, 957 (10th Cir. 2004).

[31]*Hahn*, 359 F.3d at 1328.

[32]*Id*. at 1327 (emphasis in original).

6

agreement the exact sentence he would receive, it is clear from the language of the plea agreement itself, as well as the Rule 11 colloquy at the plea hearing, that petitioner understood he was waiving his right to appeal or collaterally attack as a condition of the plea agreement. Therefore, the Court finds that the scope of this waiver unambiguously precludes petitioner from collaterally attacking, by way of a § 2255 motion, any matter in connection with his prosecution, conviction, and sentence.

The Court finds that petitioner has not waived the right to bring a claim that falls within the *United States v. Cockerham*[33] exception provided for in the plea agreement.[34] However, as discussed more fully below, petitioner's ineffective assistance of counsel claim in this case falls within the scope of the waiver, so this exception does not apply.[35] Additionally, defendant has not waived the right to appeal a sentence imposed "to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court."[36] The guidelines range, as calculated by the Probation Office—without objection by either party—allowed for a sentence of between 151 and 188 months.[37] It is undisputed that the Court sentenced petitioner at the bottom of the guidelines range. Therefore, this exception to the

---

[33]237 F.3d at 1187.

[34](Doc. 34 at 15) (stating that petitioner is waiving his right to appeal or collaterally attack "except as limited by *United States v. Cockerham*").

[35]*United States v. Davis*, 218 F. App'x 782, 784 (10th Cir. 2007) (a claim of ineffective assistance for failure to file an appeal "does not go to the validity of the waiver or his plea agreement").

[36](Doc. 34 at 15).

[37]Petitioner was sentenced to 151 months on Count 2, and 120 months on Count 5, both sentences to run concurrently. (Docs. 38, 39).

waiver does not apply either.[38]

   2.      *Knowing and Voluntary Waiver*

Petitioner's waiver is enforceable when said waiver is explicitly stated in the plea agreement, and when the plea and waiver are both made knowingly and voluntarily.[39] When determining whether a waiver of appellate rights was knowing and voluntary, the Court must examine the specific language of the plea agreement and assess the adequacy of the Federal Rule of Criminal Procedure 11 colloquy.[40] Here, both requirements are met because the waiver is explicitly stated in the written plea agreement, and petitioner's statements at the plea hearing demonstrated that the waiver was made both knowingly and voluntarily. Petitioner stated multiple times in his plea agreement and the Petition to Enter Plea of Guilty that he was pleading guilty "freely and voluntarily."[41] Further, he stated that he did not receive any promises or assurance that would have induced him to sign the agreement, other than what was contained in the agreement itself.[42] At the plea hearing, the Court explained to petitioner that his plea agreement contained the waiver, and the defendant stated that he understood. Based on the Rule 11 colloquy, the Court concluded that "the plea of guilty was made by the defendant freely, voluntarily, and because he/she is guilty as charged, and not out of ignorance, fear, inadvertence

---

[38]*See United States v. Golden,* 151 F. App'x 716, 719 (10th Cir. 2005) (holding that, even though the plea agreement permitted petitioner to appeal an upward departure from the applicable guideline range, petitioner's appeal on the basis of the Court's application of a sentencing enhancement had been waived).

[39]*Cockerham*, 237 F.3d at 1183.

[40]*Hahn*, 359 F.3d at 1325.

[41](Doc. 34 at 4, 16).

[42]*Id.* at 4.

or coercion, and with full understanding of its consequences."[43]  Therefore, the Court finds that the language of the plea agreement and the statements made by petitioner during the plea colloquy establish that petitioner's waiver was given knowingly and voluntarily.

### 3. *Miscarriage of Justice*

Finally, the Court must "determine whether enforcing the waiver will result in a miscarriage of justice."[44]  This test is met only if: (1) the district court relied on an impermissible factor such as race; (2) the defendant received ineffective assistance of counsel in conjunction with the negotiation of the waiver; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful in the sense that it suffers from an error that seriously affects the fairness, integrity, or public reputation of judicial proceedings.[45]  The defendant bears the burden of demonstrating that his waiver meets one of the above requirements and thus qualifies as a miscarriage of justice.[46]  "The miscarriage-of-justice exception looks to whether 'the *waiver* is otherwise unlawful,' not whether some other aspect of the proceeding may have involved legal error."[47]

---

[43]*Id.* at 7.

[44]*Hahn*, 359 F.3d at 1327.

[45]*Anderson*, 374 F.3d at 959.

[46]*Id.* at 957.

[47]*United States v. Dillon*, 305 F. App'x 502, 505 (10th Cir. 2008) (emphasis in original) (holding that the miscarriage-of-justice exception did not apply to an alleged misapplication of the sentencing guidelines because this claim "only concerns the correctness of his sentence and amount of restitution imposed.  [Defendant] has not asserted any claim regarding the relevant issue of whether the appeal waiver itself was unlawful."); *see also United States v. Vazquez-Martinez*, 306 F. App'x 434, 436 (10th Cir. 2009) ("Defendant's argument that his appeal wavier should be excused due to alleged errors in the relevant conduct findings does not support the miscarriage-of-justice exception because his claim only concerns the correctness of his sentence.  Because defendant has not asserted any claim regarding the relevant issue of whether the appeal waiver itself was unlawful, defendant has not shown that enforcement of the waiver would seriously affect the fairness, integrity, or public reputation of the judicial proceedings.") (citation omitted).

Here, petitioner's sentence does not exceed the statutory maximum, there is no evidence of an error seriously affecting the judicial proceedings, nor is there any evidence that the district court relied on any impermissible factor. In fact, petitioner's plea agreement, which he signed freely and voluntarily,[48] states: "The defendant understands that if the court accepts this plea agreement but imposes a sentence with which the defendant does not agree, the defendant will not be permitted to withdraw this plea of guilty."[49] Therefore, petitioner's only plausible argument is that he received ineffective assistance of counsel in conjunction with the negotiation of the waiver, which is discussed below.

### B. Ineffective Assistance of Counsel

Petitioner claims that his counsel was ineffective for failing to file an appeal based on the alleged misapplication of the career offender guideline, U.S.S.G. § 4B1.1.[50] Under *United States v. Cockerham*,[51] a plea agreement waiver of post-conviction rights, such as those of appeal or collateral attack, "does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver."[52] However, in order for petitioner's ineffective assistance claims to survive the waiver, (1) there must be a basis for a claim of ineffective assistance of counsel, and (2) the ineffectiveness claim must pertain to the validity of the plea.[53]

---

[48](Doc. 34 at 16).

[49]*Id.* at 14.

[50](Doc. 42 at 5).

[51]237 F.3d 1179, 1187 (10th Cir. 2001).

[52]*Id.*

[53]*Id.*

Here, even if the Court assumes—as petitioner argues—that there was some basis for a claim of ineffective assistance of counsel, it does not pertain to the negotiation or validity of the plea agreement or the waiver contained therein.[54] Petitioner's claim for ineffective assistance of counsel for *failure to file an appeal* of his sentence falls within the scope of petitioner's waiver. The Tenth Circuit has held that a claim of ineffective assistance for failure to file a notice of appeal on sentencing issues "does not go to the validity of the waiver or [petitioner's] plea agreement."[55] Petitioner has not shown that but for his counsel's ineffectiveness, he would have pled not guilty and proceeded to trial. Thus, petitioner's claim does not go to the validity of the waiver or his plea agreement, and petitioner has not presented any evidence that he entered into the waiver or plea unknowingly or involuntarily. Therefore, enforcement of the plea agreement in this case would not result in a miscarriage of justice under *United States v. Hahn*.[56] Because all three prongs of *Hahn* weigh in favor of enforcing the plea agreement, the plea agreement will be enforced.

## C. Request to Modify Petition

Finally, petitioner has filed a Supplement (Doc. 54), seeking leave to amend his § 2255 petition so as to seek the application of legislation that may be pending before Congress, which he calls the "Cocaine Fairness Sentencing Act," to his sentence. This request is denied for two

---

[54]Petitioner contends that he received ineffective assistance of counsel because he "requested his counsel to object, and [to] file a notice of appeal, in the event the district court denied the objection to remove the career offender provision." (Doc. 46 at 3).

[55]*Davis*, 218 F. App'x at 784 ("A waiver of postconviction rights is unenforceable only when the defendant claims he received ineffective assistance of counsel in the negotiation of the plea or waiver."); *see United States v. Macias*, 229 F. App'x 683, 687 (10th Cir. 2007)(a claim that counsel was ineffective for failing to consult with defendant post-sentencing regarding an appeal, when the right to appeal was waived in a plea agreement, is barred by the plea agreement waiver, which the government sought to enforce).

[56]359 F.3d 1315 (10th Cir. 2004).

reasons. First, to the extent petitioner's request to modify his § 2255 petition is based on the Crack Cocaine Amendments, such amendment would be futile. Petitioner was sentenced on April 7, 2008,[57] after the Crack Cocaine Amendments became effective on November 1, 2007,[58] and his sentence reflected the amendments to the crack cocaine guidelines.[59]

Second, petitioner clearly waived his right to bring a motion under § 3582(c)(2) for modification of his sentence. His plea agreement states:

> The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)] **and a motion brought under Title 18, U.S.C. § 3582(c)(2).**[60]

Based on the analysis above, the Court finds that petitioner has voluntarily and knowingly waived the right to file a motion for modification of his sentence on the basis of § 3582(c)(2).[61] "Section 3582(c)(2) focuses on allowing modification of sentences when the Sentencing Commission later lowers a sentencing range."[62] "[A]ccepting the § 3582(c)(2) waiver necessarily means waiving the opportunity to take advantage of whatever favorable Guidelines

---

[57](Doc. 38.)

[58]U.S.S.G. App. C, Amend. 706 (Nov. 1, 2007).

[59](Doc. 41).

[60](Doc. 34 at 7–8).

[61]*See United States v. Orozco*, 290 F. App'x 125, 126 (10th Cir. 2008) (finding petitioner had waived any right to bring a motion under 18 U.S.C. § 3582(c)(2)).

[62]*United States v. Frierson*, 308 F. App'x 298, 302 (10th Cir. 2009)

12

changes may occur."[63] The waiver to which petitioner agreed in the plea agreement explicitly included any motion brought under § 3582(c)(2). In return for petitioner's plea, the government agreed (1) to dismiss Counts 1, 3, 4, and 6, (2) to recommend a three-level reduction for acceptance of responsibility, (3) to recommend a sentence at the low end of the guideline range, and (4) to not file any additional charges on the basis of events set out in the Indictment.[64] Petitioner received the benefit of this bargain. He does not appear to be requesting a withdrawal of his plea or otherwise seek to surrender these benefits. Thus, there is no indication that the § 3582(c)(2) waiver was unlawful or that enforcing it in this case would seriously affect the integrity or public reputation of the judicial proceedings. The Court finds petitioner's Supplement, seeking leave to amend his § 2255 petition to take advantage of legislation that is presenting pending and only later may become effective, is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 42), as well as his Motion for Traverse (Doc. 52) are DENIED;

**IT IS FURTHER ORDERED** that a Certificate of Appealability under the provisions of 28 U.S.C. § 2253 is DENIED;

**IT IS FURTHER ORDERED** that the government's Motion for Enforcement of the Plea Agreement and Motion to Dismiss Defendant's Motion to Vacate Sentence Under 18

---

[63]*Id.* (holding that an appellate waiver was enforceable "even though a defendant did not know exactly how the waiver might apply," and even after November 1, 2007, when the Crack Cocaine Amendments became effective); *cf. United States v. Chavez-Salais*, 337 F.3d 1170, 1173 (10th Cir. 2003) (refusing to enforce waiver that did not refer to § 3582(c)(2), but noting that, had the plea agreement done so, "we would likely find that Defendant has waived his right to bring the instant motion").

[64](Doc. 34 at 12).

U.S.C. § 2255 is GRANTED;

**IT IS FURTHER ORDERED** that, pursuant to petitioner's request, the Clerk's Office shall provide a copy of the current docket sheet to petitioner.

**IT IS SO ORDERED.**

Dated: April 26, 2010

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE