hrk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>                                    )<br>        Plaintiff/Respondent, )<br>                                    )<br>vs.                                   )<br>                                    )<br>FREDERICK D. PHELPS, JR.,     )<br>                                    )<br>        Defendant/Petitioner.   )<br>_____ ) | Case No. 07-40051-01-JAR |

## MEMORANDUM AND ORDER

On January 7, 2008, defendant Frederick D. Phelps, Jr. pled guilty to Counts 2 and 5 of the Indictment.[1] Count 2 charged him with possession with intent to distribute approximately 3.87 grams of cocaine base, or "crack cocaine," in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and Count 5 charged him with transferring a weapon made from a shotgun, with a barrel less than eighteen inches in length, in violation of 26 U.S.C. § 5861(e).[2] No objections were made to the Presentence Investigation Report ("PSR"). Defense counsel filed a sentencing memorandum, requesting a downward variance under 18 U.S.C. § 3553(a). After hearing oral argument, the Court denied defense counsel's request for a variance, and sentenced defendant to 151 months of custody on Count 2 and 120 months on Count 5, to be served concurrently. This was within the guidelines range.[3]

On July 30, 2008, defendant filed a motion to appoint counsel and requested re-

---

[1](Doc. 33.)

[2](Doc. 1.)

[3](Doc. 39.)

sentencing under the amendment to the crack cocaine guidelines. The Court found the motion moot because defendant's sentence already reflected the amendment to the crack cocaine guidelines. On April 13, 2009, defendant filed a Motion to Vacate under 28 U.S.C. § 2255, arguing that he was denied the right of appeal, and he was denied effective assistance of counsel. The matter was fully briefed. The Court reviewed the parties' arguments and entered a memorandum and order denying the motion.

This matter is now before the Court on defendant's Writ of Error Audita Querela Pursuant to Title 28 U.S.C. § 1651 (Doc. 56). "[A] writ of audita querela is used to challenge 'a judgment that was correct at the time rendered but which is rendered infirm by matters which arise after its rendition.'"[4] Fed. R. Civ. P. 60(b) abolished the writ in civil cases and the Tenth Circuit has not determined whether a prisoner may seek a writ of audita querela under the All Writs Act in the criminal context.[5] The Tenth Circuit has made clear, though, that "a writ of audita querela is not available to a petitioner when other remedies exist, such as a motion to vacate sentence under 28 U.S.C. § 2255."[6]

Section 2255 is "the exclusive remedy for testing the validity of a judgment and sentence, unless it is in adequate or ineffective."[7] Defendant has not identified any reason why his earlier § 2255 petition was inadequate to address the issues identified in his present writ. Furthermore, "[a] prisoner may not circumvent valid congressional limitations on collateral attacks by

---

[4] *United States v. Torres*, 282 F.3d 1241, 1245 n.6 (10th Cir. 2002) (quoting *United States v. Reyes*, 945 F.2d 862, 863 n.1 (5th Cir. 1991)).

[5] *Id.* (citing *Reyes*, 945 F.2d at 865 (collecting cases)).

[6] *Id.* at 1245 (citations omitted).

[7] *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965).

asserting that those very limitations create a gap in the postconviction remedies that must be filled by the common law writs."[8] "Indeed, to allow a petitioner to avoid the bar against successive § 2255 petitions by simply styling a petition under a different name would severely erode the procedural restraints imposed under 28 U.S.C. §§ 2244(b)(3) and 2255."[9]

However, even if the Court were to proceed to consider the merits of defendant's motion, he would not be entitled to relief. Defendant asks the Court to reconsider his sentence in light of *Jones v. United States*,[10] *Apprendi v. New Jersey*,[11] *Blakely v. Washington*,[12] and *United States v. Booker*,[13] which he believes contain "newly created rights." However, all four cases upon which defendant relies were in effect at the time of defendant's change of plea on January 7, 2008, and at the time of his sentencing on April 7, 2008.

Construing defendant's motion liberally, he makes three arguments. First, defendant argues the Court erroneously treated the sentencing guidelines as mandatory. The guidelines range, as calculated by the Probation Office—without objection by either party—allowed for a sentence between 151 and 188 months. At the time of sentencing, the Court considered defense counsel's arguments for a variance under § 3553(a), but chose to deny the request, and sentenced defendant at the bottom of the guidelines range. Defendant makes the baseless argument that,

---

[8]*United States v. Muldrow*, 373 F. App'x 903, 904 (10th Cir. 2010) (quoting *United States v. Valdez-Pacheco*, 237 F.3d 1077, 1080 (9th Cir. 2001)).

[9]*Torres*, 282 F.3d at 1246.

[10]526 U.S. 227 (1999).

[11]530 U.S. 466 (2000).

[12]542 U.S. 296 (2004).

[13]543 U.S. 220 (2005).

because his sentence was within the guideline range, the sentencing court must have erroneously believed the sentencing guidelines were mandatory. The Sentencing Guidelines are one of the factors the Court regularly considers as part of 18 U.S.C. § 3553(a).[14]

Second, defendant argues that he was sentenced on the basis of a drug quantity that was not charged in the indictment, submitted to a jury, or proven beyond a reasonable doubt, as required by *Jones* and its progeny. Defendant argues that he is entitled to "a base level sentence of 96 months," as this is the "only sentenced authorized by the jury verdict." But there was no jury verdict; defendant pled guilty to Count 2, which charged a drug quantity of 3.87 grams of crack cocaine.[15] In *Booker*, the Supreme Court held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the *facts established by a plea of guilty* or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."[16] This argument therefore fails.[17]

Finally, defendant states that the PSR included "materially incorrect information." However, defendant did not raise any objections at the time of sentencing, and does not identify what information is incorrect.

---

[14]*Gall v. United States*, 552 U.S. 38, 46–47 (2007).

[15](Doc. 34 at 1); *United States v. Sells*, 477 F.3d 1226, 1239–40 (10th Cir. 2007); *United States v. Lucero*, 229 F. App'x 804, 809 (10th Cir. 2007) ("where, like here, the defendant makes an admission of the relevant facts, no such finding is required.").

[16]*Booker*, 543 U.S. at 244 (emphasis added).

[17]*See United States v. Watkins*, 297 F. App'x 821, 823 (10th Cir. 2008) ("In fact, when Mr. Watkins changed his plea to guilty, he waived his right to have the jury determine, beyond a reasonable doubt, facts used to enhance his sentence and consented to having the sentencing judge determine those facts, which indicates that he understood the drug quantity would be determined by the judge, based on the evidence."); *see United States v. Dalton*, 409 F.3d 1247, 1253 (10th Cir. 2005) (in considering whether there was reversible error (i.e., a *Booker* error), the Circuit noted that the district court considered the § 3553(a) factors, but found they did not favor a decreased term of imprisonment).

The fact that defendant is precluded from filing a second § 2255 "does not establish that the remedy in § 2255 is inadequate."[18] Defendant's writ of audita querela is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's Writ of Error Audita Querela Pursuant to Title 28 U.S.C. § 1615 (Doc. 56) is **denied.**

**IT IS SO ORDERED.**

Dated: September 27, 2010

                                                 S/ Julie A. Robinson
                                                 JULIE A. ROBINSON
                                                 UNITED STATES DISTRICT JUDGE

---

[18]*Caravalho v. Pugh*, 177 F.3d 1177, 1179 (10th Cir. 1999).