ams

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff/Respondent,** ) | |
| ) | |
| **vs.** ) | |
| ) | **Case No. 07-40051-01-JAR** |
| **FREDERICK D. PHELPS, JR.,** ) | |
| ) | |
| **Defendant/Petitioner.** ) | |
| _____ ) | |

## ORDER AMENDING SEPTEMBER 27, 2010 MEMORANDUM AND ORDER

On September 27, 2010, this Court entered its Memorandum and Order denying petitioner Frederick D. Phelps, Jr.'s Motion for Writ of Error Audita Querela (Doc. 57). In that Memorandum and Order, the Court explained that "to allow a petitioner to avoid the bar against successive § 2255 petitions by simply styling a petition under a different name would severely erode the procedural restraints imposed under 28 U.S.C. §§ 2244(b)(3) and 2255."[1] Because petitioner's arguments all alleged errors in his sentencing, the Court explained that they should have been included in his original motion under § 2255 and proceeded to explain why they lacked merit, ultimately denying petitioner's motion.

For the reasons explained in the Court's Memorandum and Order, petitioner's motion is in fact an unauthorized second or successive petitioner, which is barred by §§ 2244 and 2255. Because this second or successive claim under § 2255 was filed without the requisite authorization, the Court should have determined whether it was in the interest of justice to

---

[1] *United States v. Torres*, 282 F.3d 1241, 1246 (10th Cir. 2002).

transfer it to the Tenth Circuit under 28 U.S.C. § 1631 or dismiss the petition for lack of jurisdiction.[2] The Tenth Circuit has counseled that "[w]here there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to this court for authorization."[3] Here, it is clear from the face of the petition that it fails to meet the standards for an allowable second or successive petition under § 2255(h), for the reasons explained in the Court's previous Memorandum and Order. Accordingly, the Court amends its September 27, 2010 Memorandum and Order by dismissing the motion for lack of jurisdiction instead of denying the motion.

**IT IS THEREFORE ORDERED BY THE COURT** that petitioner Frederick D. Phelps, Jr.'s Motion for Writ of Audita Querela (Doc. 56) is dismissed for lack of jurisdiction.

**IT IS SO ORDERED.**

Dated: October 15, 2010

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[2] *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008).

[3] *Id.*