**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **Case No. 07-40051-01-JAR** |
| **FREDERICK D. PHELPS, JR.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Frederick D. Phelps, Jr.'s *pro se* Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 66). Defendant requests a sentence modification based on the 2010 Fair Sentencing Act ("FSA"), which he argues amended the mandatory minimum sentence that he would be subject to in this case. For the reasons explained in detail below, Defendant's motion is denied.

***Background***

On January 7, 2008, Defendant entered a guilty plea to Counts 2 and 5 of the Indictment. Count 2 charged Defendant with knowingly and intentionally distributing approximately 3.87 grams of cocaine base, or "crack cocaine," in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Count 5 charged Defendant with knowingly and unlawfully transferring a weapon made from a shotgun with a barrel less than eighteen inches in length to an undercover ATF agent, in violation of 26 U.S.C. § 5861(e).[1] Under the plea agreement, Defendant "knowingly and voluntarily waive[d] any right to appeal or collaterally attack any matter in connection with

[1]Doc. 1.

this prosecution, [his] conviction, or . . . sentence."[2] The plea agreement specifically states that he waived his right to challenge his sentence by "any collateral attack, including, but not limited to, . . . a motion brought under Title 18, U.S.C. § 3582(c)(2)."[3]

Defendant was sentenced on April 7, 2008. The guidelines range, as calculated by the Probation Office, allowed for a sentence between 151 and 188 months' imprisonment. Defendant was not subject to a statutory mandatory minimum sentence on either count. However, because Defendant had two prior felony convictions for crimes of violence, the PSR determined that the guidelines' career-offender provision, U.S.S.G. § 4B1.1, applied to his sentencing calculation. Applying the career-offender guideline, the PSR determined that Defendant's adjusted offense level was 32.[4] The PSR subtracted three levels to reflect Defendant's acceptance of responsibility under § 3E1.1, resulting in a total offense level of 29. His criminal history category was VI. These calculations yielded an advisory guidelines sentencing range of 151 to 188 months. The Court sentenced Defendant to 151 months' imprisonment on Count 2 and 120 months on Count 5,[5] to be served concurrent with Count 2.[6]

***Discussion***

The Court has already found that Defendant voluntarily and knowingly waived the right

---

[2]Doc. 33 at 14.

[3]*Id.* at 15.

[4]His base offense level was initially set according to the firearm offense in U.S.S.G. § 2K2.1, under the grouping guidelines. §§ 2D1.2, 2D1.3. Four points were added for engaging in trafficking of firearms and three points were subtracted for acceptance of responsibility. This calculation would have yielded a total offense level of 27. But because Defendant was deemed a career offender, § 4B1.1 determined the offense level of 32.

[5]This was the maximum sentence that could be imposed on Count 5 under the applicable statute. 26 U.S.C. § 5871.

[6]Docs. 38, 39.

to file a motion for modification of his sentence on the basis of § 3582(c)(2) under his plea agreement.[7] This waiver applies to the instant motion as well. The Court incorporates by reference its analysis in denying Defendant's earlier motion under § 2255, enforcing the appeal waiver.[8] For this reason alone, Defendant's motion may be denied.

Moreover, a sentence reduction under § 3582

> is not authorized under 18 U.S.C. 3582(c)(2) and is not consistent with this policy statement if: (i) None of the amendments listed in subsection (c) is applicable to the defendant; or (ii) an amendment listed in subsection (c) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment).[9]

To the extent Defendant argues that the FSA requires a modification to his sentence based on the applicable mandatory minimum sentence that applies, Defendant's motion is denied.[10] Defendant was not subject to a statutory mandatory minimum on either count to which he pled guilty. His statutory maximum sentence on Count 2 was twenty years and on Count 5 was ten years. Defendant was sentenced on Count 2 to a term of imprisonment at the low end of the sentencing guidelines range, and on Count 5 to the statutory maximum term (a term lower than the guidelines range advised).

To the extent Defendant argues that the 2010 amendments to the sentencing guidelines dealing with the crack and powder cocaine disparity should operate to modify his sentence, his

---

[7]*See United States v. Orozco*, 290 F. App'x 125, 126 (10th Cir. 2008) (finding petitioner had waived any right to bring a motion under 18 U.S.C. § 3582(c)(2)).

[8]Doc. 55.

[9]U.S.S.G. § 1B1.10, app. note 1(A).

[10]*United States v. Lucero*, 713 F.3d 1024, 1027–28 (10th Cir. 2013).

motion is likewise denied. Defendant was sentenced under the career offender guideline and his base offense level was not calculated based on the quantity of crack cocaine involved in the offense. Because the Court did calculate Defendant's base offense level based on the quantity of crack cocaine attributable to Defendant, the amendments to those guidelines would not have the effect of lowering his sentencing range.[11]

Defendant argues that to deny him a sentence modification would constitute a violation of his right to equal protection under the Fifth Amendment. But again, this argument is based on his mistaken belief that he was sentenced in accordance with certain statutory mandatory minimums in this case that have since changed. As described above, Defendant's sentence was largely determined by his career offender status. He was not subject to a mandatory minimum sentence, but was instead sentenced in accordance with the career offender guideline. The amendments discussed by Defendant in the instant motion are either entirely inapplicable or would not have the effect of lowering his sentence. Accordingly, Defendant's motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) must be denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Frederick D. Phelps, Jr.'s *pro se* Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 66) is **denied**.

**IT IS SO ORDERED**.

Dated: December 11, 2013

S/ Julie A. Robinson

JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

[11] *United States v. Hodge*, 721 F.3d 1279, 1280–81 (10th Cir. 2013).