IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Respondent, )<br>)<br>v. )<br>)<br>FREDERICK D. PHELPS, JR., )<br>)<br>Petitioner. )<br>) | Case No. 07-40051-JAR |

## MEMORANDUM AND ORDER

This is Petitioner Frederick D. Phelps Jr.'s third attempt to seek collateral relief in this case.[1] The Court denied the first motion on April, 26 2010.[2] On August 26, 2010, Petitioner filed a Motion for a Writ of Error Audita Querela. This Court dismissed the motion for lack of jurisdiction, after construing the motion as a second or successive petition brought under 28 U.S.C. § 2255.[3] On appeal, the Tenth Circuit affirmed and denied Petitioner's application for certificate of applicability.[4] This matter is now before the Court on Petitioner's successive § 2255 motion, titled "Petitioner for Leave To File Newly Discovered Evidence brought under Newly Decision's from Supreme Court's Rulings Constitutional Errors, Petition Successive Habeas En banc Due To 28 U.S.C. S 2255(f)(3)" (Doc. 68). As explained in detail below, Petitioner's motion is dismissed for lack of jurisdiction because it is an unauthorized second or

---

[1] *United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006) ("It is the relief sought [by petitioner], not his pleading's title, that determines whether the pleading is a § 2255 motion.").

[2] Doc. 55.

[3] Doc. 58.

[4] Doc. 65.

successive petition.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, a defendant may not file a second or successive motion pursuant to § 2255 unless he or she first applies to the appropriate court of appeals for an order authorizing the district court to consider the motion.[5] Because this second or successive claim under § 2255 was filed without the requisite authorization from the Tenth Circuit, the Court should determine whether it is in the interest of justice to transfer it to the Tenth Circuit under 28 U.S.C. § 1631 or dismiss the petition for lack of jurisdiction.[6] The Tenth Circuit has counseled that "[w]here there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to this court for authorization."[7]

The phrase "if it is in the interest of justice" has been interpreted to grant the district court the discretion in making the decision whether to transfer an action or, instead, to dismiss the action.[8] Factors considered in deciding whether a transfer is in the interests of justice include whether the claims would have been time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.[9] A prisoner who wishes to file a successive § 2255 motion has the burden of showing that it satisfies

---

[5]*See* 28 U.S.C. §§ 2244(b)(3), 2255(h).

[6]*See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008).

[7]*Id.*

[8]*Id.* at 1252-53.

[9]*Id.* at 1252 (citing *Trujillo v. Williams*, 465 F.3d 1210, 1233 n.16 (10th Cir. 2006)).

one of the two conditions: either (1) the existence of newly discovered evidence that, if proved and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or (2) the existence of a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.[10]

Because this is a successive § 2255 motion, the one-year statute of limitations begins running from the date on which "the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or the facts supporting his claims presented could have been discovered through the exercise of due diligence."[11]  The Tenth Circuit has held that "made retroactive" requires the Supreme Court to either explicitly state that the case is retroactive or to apply it retroactively.[12]

Because Petitioner appears *pro se*, his pleadings are to be construed liberally and not to the standard applied to an attorney's pleadings.[13]  If a petitioner's motion can be reasonably read to state a valid claim on which he could prevail, the court should do so despite a failure to cite proper legal authority or follow normal pleading requirements.[14]  The Court applies this liberal pleading standard to the instant petition and construes Petitioner's motion as seeking relief based

---

[10]*United States v. Harper*, 545 F.3d 1230, 1232 n.12 (10th Cir. 2008) (citing 28 U.S.C. § 2255(h)).

[11]28 U.S.C. § 2255(f).

[12]*Browning v. United States*, 241 F.3d 1262, 1264 (10th Cir. 2001).

[13]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[14]*Id.*

on new rules of constitutional law announced by the Tenth Circuit in *United States v. Brooks*[15] and by the Supreme Court in *Descamps v. United States*.[16]

Petitioner first argues that a new rule of constitutional law has become available to him, citing the Tenth Circuit's ruling in *Brooks*, decided on June 2, 2014.  The *Brooks* decision construes and applies the Supreme Court's decision in *Carachuri-Rosendo v. Holder*, which was decided on June 14, 2010.[17]  *Carachuri* holds that to qualify as a prior "aggravated felony," the defendant must have been actually convicted of a crime that is itself punishable as a felony under federal law, and the mere possibility that defendant could have received a felony conviction under some hypothetical scenario is not enough.[18]  Prior to *Brooks*, the Tenth Circuit used the rule established in *United States v. Hill*,[19] holding that when determining if a previous conviction counts as a "felony" punishable by more than one year in prison under the United States Sentencing Guidelines, the court should assume the highest level of recidivism, regardless of the individual defendant's actual prior criminal history or sentence.[20]  The *Brooks* decision instructs the district courts to look at the defendant's actual history and not assume the worse case scenario when calculating whether a prior conviction is a felony.[21]

Petitioner argues under this new interpretation he should not have received a sentence

---

[15] 751 F.3d 1204 (10th Cir. 2014).

[16] 133 S. Ct. 2276 (2013).

[17] 560 U.S. 563 (2010).

[18] *Id*. at 2579–80.

[19] 539 F.3d 1213 (10th Cir. 2008)

[20] *Brooks*, 751 F.3d at 1213.

[21] *Id*.

4

enhancement under the Armed Career Criminal Act and that the new rule should be applied to his sentence retroactively. On August 17, 2011, the Fourth Circuit issued an en banc decision in *United States v. Simmons* recognizing that the *Carachuri* rule applied retroactively to cases on collateral review.[22] However, the Supreme Court has never explicitly ruled that *Carachuri* is retroactive, nor has the Tenth Circuit recognized it as such. Petitioner's motion may be denied for this reason alone.

Even assuming without deciding that *Carachuri* announced a new rule of constitutional law that was made retroactive, Petitioner's motion still fails because it is untimely. The Court entered Judgment in this matter on April 15, 2008. The Supreme Court has held that the one-year statute of limitations for filing a motion to vacate based on a right newly recognized by the Supreme Court runs from the date on which the Supreme Court initially recognized the right asserted, and not from the date on which the right is made retroactively applicable.[23] The statute requires the new rule to come from the Supreme Court.[24] Even though Petitioner claims the rights asserted was announced in *Brooks*, the rule upon which he bases his motion must come from *Carachuri*, which was the Supreme Court decided on June 14, 2010. Because *Carachuri* was decided more than one year after the judgment was entered in this case, Petitioner's motion is untimely.

Finally, Petitioner's motion also fails to the extent it is based on the *Descamps* decision where the Supreme Court explained the appropriate approach for determining whether a prior

---

[22]649 F.3d 237, 240 (4th Cir. 2011); *Farrior v. United States*, –F. Supp. 2d–, 2011 WL 5921373, at *1–2 (E.D.N.C. Nov. 7, 2011).

[23]*Dodd v. United States*, 545 U.S. 353, 358 (2005).

[24]*See id.*

conviction fits the definition of "crime of violence" under U.S.S.G. § 4B1.2(a)(2).[25] The Supreme Court has not made its decision in *Descamps* retroactively applicable to cases on collateral review, therefore even if it applied to Petitioner's sentence, it may not provide a basis for a second or successive motion under § 2255(h).[26]

For all of these reasons, the Court finds that Petitioner's pleading lacks a basis to allow a second or successive motion under § 2255(h). The Court further finds that it would be a waste of judicial resources to transfer this matter to the Tenth Circuit, so the motion is therefore dismissed for lack of jurisdiction.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner's Motion under 28 U.S.C. § 2255 (Doc. 68) is an unauthorized second or successive § 2255 motion and is **dismissed without prejudice**.

**IT IS SO ORDERED.**

Dated: August 12, 2014

                                          S/ Julie A. Robinson

                                          JULIE A. ROBINSON

                                          UNITED STATES DISTRICT JUDGE

---

[25] 133 S. Ct. 2276, 2281 (2013).

[26] *See, e.g., Groves v. United States*, –F.3d–, 2014 WL 2766171, at *4 (7th Cir. June 19, 2014); *United States v. Copeland*, No. 08-CR-0137-CVE, 2014 WL 63933, at *2 (N.D. Okla. Jan. 8, 2014).